CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 25, 2011

William James Nicoll, Esq.
Jenkins, Block & Assocs., P.C.
1040 Park Avenue, Ste. 206
Baltimore, MD 21201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Carvell Oneil Warner v. Michael J. Astrue, Commissioner of Social Security, PWG-09-1112**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Warner's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income "(SSI"). (ECF Nos. 8, 14, 22). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Mr. Warner (sometimes referred to as "Claimant") filed applications for DIB and SSI on January 12, 2007, alleging that he became disabled in June 2003, due to an affective disorder, depression, high cholesterol, low back pain and trouble breathing. (Tr. 99-103, 130, 599).  After his claims were denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Melvin Benitz, on October 21, 2008. In a decision dated February 25, 2009, the ALJ found that although his schizoaffective disorder was a "severe impairment" as defined in the Regulations, this condition did not meet or equal a listed impairment. The ALJ

also found that Mr. Warner retained the residual functional capacity ("RFC") to perform work "at all exertional levels that is simple, routine, unskilled, low stress, low concentration, low level jobs but he is able to attend tasks and complete schedules, with jobs that have little interaction with the public, coworkers, or supervisors." (Tr. 465). The ALJ determined that Claimant was able to perform his past relevant work ("PRW"), and the ALJ also alternatively found, after receiving testimony from a vocational expert ("VE"), that there were jobs available in significant numbers which Claimant could perform. Accordingly, the ALJ denied Mr. Warner's claims. (Tr. 459-470). The Appeals Council denied Mr. Warner's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner. This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents two arguments in support of his contention that the ALJ's decision is not supported by substantial evidence. For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

First, Claimant argues that ALJ erred by presenting a hypothetical to the VE that "bears no relation to any medical opinion in the medical evidence." See Plaintiff's Memo., pp. 4-5. The crux of Claimant's argument is that the ALJ used the terminology "somewhat limited moderately" as opposed to the word "moderate" in describing plaintiff's nonexertional limitations to the vocational expert and this failed to accurately describe his limitations. On this basis he argues the VE's testimony is not reliable.

2

The hypothetical the ALJ presented included:
> …assume a person who is 27 years of age, a 12th grade education, right handed, IQ of 76 suffering generally and mostly from schizoaffective disorder with some depression, obesity, and his impairments cause him to have moderate depression with occasional audio hallucination, some visual hallucinations at night mostly in his sleep, somewhat relieved by medications without significant side effects. And I find he needs to have simple, routine, unskilled jobs, low stress, low concentration, low level jobs. He's able to attend tasks and complete schedules. He'd be somewhat limited moderately in his ability to do ADL's and interact socially and to maintain concentration, persistence, and pace with one or two episodes of decompensation. And jobs that would have little interaction with the public or supervisors, but he seems to be able to do exertional levels at all exertional levels of work from medium to sedentary.

(Tr. 1029).

The VE testified that at the medium exertion level there would be work as laundry worker, warehouse laborer, and janitorial worker. At the light level the VE testified there would be work as a ticket marker, clothing, copier operator, car wash attendant, and at the sedentary level, a film developer. (Tr. Id.).

I am not persuaded that the language used in the hypothetical i.e., --mild to moderate-- were impermissibly "undefined, ambiguous terms" as Claimant alleges. Rather the ALJ adequately explained that he was basing his hypothetical RFC on the Claimant's own testimony, the opinions of Dr. Hutchinson, the records from County Mental Health Clinic and Channel Marker Inc. which showed improvement of Claimant's symptoms over time, as well as the state agency medical consultants' opinions. The Commissioner's regulations require that the ALJ's "rationale must show the significant history, including examination, laboratory findings, and functional limitations that we considered in reaching conclusion about the severity of the mental impairments." *See* 20 CFR §416.1520a(c)(4). The hypothetical given met that standard.

3

Claimant also alleges that the ALJ failed to consider Dr. George Rever's opinions in determining his RFC. See Plaintiff's Memo. p. 5. However, the ALJ adequately discussed the reasons for affording Dr. Rever's opinions little weight (Tr. 465-467). When determining the amount of weight to accord Dr. Rever's opinions, the ALJ noted that Dr. Rever's report of Claimant having "poor to no ability" in numerous areas of functioning was not consistent with the detailed treatment notes and opinions of Claimant's self reported activities and the therapist at Caroline Mental Health Clinic whose reports the ALJ also discussed at length in his decision. (Tr. 467). The ALJ ultimately found that the restrictions placed on Claimant by Dr. Rever were disproportionately restrictive when considered in light of the findings noted during Claimant's examination, and therefore accorded the report little weight. (Tr. 437-440). When viewed in its entirety, as is required, the evidence in the record supports the ALJ's RFC determination.

Claimant also argues that the ALJ erred by failing properly to evaluate his obesity and borderline I.Q. in determining whether he was disabled. The Claimant argues that the ALJ "unduly complicated an already insupportable hypothetical" by asking the VE to consider a person with obesity and a borderline IQ. The Court is not persuaded that the ALJ failed to consider the effects of Mr. Warner's weight pursuant to SSR 02-1p. Mr. Warner argues that because he had a Body Mass Index "BMI"[1] of over 40, based on his height and weight, the ALJ should have given adequate consideration to his obesity. *See* Plaintiff's Motion, p. 6. A person's BMI is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe impairment. SSR 02-1p, in relevant part, states:
> "**There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment**. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes."

  *See* SSR 02-1p (2000 WL 628049, *4(S.S.A.))(Emphasis added).

The Claimant has not directed the Court's attention to -- nor does the Court find -- any notations made by Mr. Warner's doctors, or the Agency reviewers, which concluded that his weight would adversely affect his ability to function. *See* 20

---
[1] BMI is the ratio of an individuals weight in kilograms to the square of his or her height in meters. (kg/m2).

4

CFR §416.912 (Evidence of your impairment). More importantly despite his finding that obesity was not a severe impairment, the ALJ specifically conveyed to the VE that the hypothetical person had obesity. (Tr. 462, 1027). In sum, I do not find that the ALJ failed to consider the effects of Mr. Warner's alleged obesity in violation of SSR-02-1p.

With respect to Mr. Warner's level of intellectual functioning, the ALJ discussed Dr. Hutchinson's findings in his decision. The ALJ noted that 2004 testing revealed IQ scores in the borderline range, but also noted Dr. Hutchinson stated that at subsequent examinations Mr. Warner's cognition was in the low average range, was able to understand and was consistently able to follow simple instructions independently, and could manage benefits in his own best interest. (Tr. 464). Furthermore, the ALJ included Mr. Warner's IQ level in the hypothetical to the VE and in sum the ALJ adequately considered Mr. Warner's IQ. (Tr. 465, 1027).

Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 3/25/11  _____/s/_____
Paul W. Grimm
United States Magistrate Judge